IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ SANTIAGO DÍAZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 19-1139 (MEL)

**OPINION AND ORDER**

On June 17, 2019, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 16. On August 23, 2019, counsel Pedro G. Cruz Sánchez ("Cruz") filed a motion for attorney's fees for the sum of $1,958.75 pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 17. This motion was granted on September 9, 2019. ECF No. 18.

On October 9, 2020, Cruz filed a petition for attorney's fees pursuant to Title 42, United States Code, Section 406(b)(1) for the sum of $25,000.00. ECF No. 22. As part of this petition, Cruz included a notice of award issued by the Social Security Administration dated July 7, 2020. ECF No. 22-1. Although it is unclear when Cruz actually received – if not from the Social Security Administration, then from his client – this notice of award, the same indicates that $45,437.00 have been withheld from plaintiff's past-due benefits for attorney's fee purposes. *Id.* On January 7, 2021, the Commissioner of Social Security expressed its view that "[c]ounsel's request for fees appears to be untimely." ECF No. 26, at 1. Cruz, however, clarified on April 22, 2021 that as of said date, neither plaintiff José Santiago Díaz nor his auxiliary beneficiary had yet received notice from the Commissioner of Social Security regarding "a substantial amount of

benefits" owed to the auxiliary beneficiary. ECF No. 34, at 1. Finally, on July 28, 2021, Cruz filed an informative motion that on said date "we received the last NOA [Notice of Award] in this case" pertaining to the auxiliary beneficiary. ECF No. 41, at 1. The auxiliary beneficiary's notice of award is dated July 21, 2021. ECF No. 41-1. Consequently, Cruz updated his original petition for Section 406(b)(1) fees, but maintained his request for $25,000.00. ECF Nos. 41, 42.

"[A] petition for attorney's fees under Section 406(b) must be filed within fourteen (14) days of counsel receiving notice of the benefits award" and "Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same." *Meléndez v. Comm's of Soc. Sec.*, 18-1965 (MEL), 2021 WL 4485393, at 1-2 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019)). This approach of tolling the filing deadline until the notice of benefit awards is received by counsel for purposes of handling of attorney's fees requests pursuant to Section 406(b) in Social Security cases is not at odds with District Court of Puerto Rico Local Rule 54(b), nor with proposed District of Puerto Rico Local Rule 9(d)(2) which provides that a "party seeking attorney's fees pursuant to 42 U.S.C. §406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees." 03-MC-115, ECF No. 63-1. Turning to the procedural posture of the case presently before the court, in light of the notice of award issued by the Commissioner of Social Security on July 21, 2021 regarding plaintiff's auxiliary beneficiary, Cruz's Section 406(b)(1) fee petition will not be deemed untimely.

As previously stated, Cruz's petition for attorney's fees pursuant to Title 42, United States Code, Section 406(b)(1) is for the sum of $25,000.00. The Commissioner of Social Security has acknowledged that this amount does not exceed 25% of plaintiff's past-due benefits. ECF No. 26, at 5. Nevertheless, Cruz's request for $25,000.00 in attorney's fees is excessive,

particularly taking into account that in this case the Commissioner of Social Security filed a motion to remand (ECF No. 24), thus sparing plaintiff from having to file a detailed memorandum in support of the request to reverse the decision of the Commissioner of Social Security. ECF No. 14.

It is also noted that Cruz devoted 10.3 hours to this case. ECF No. 17-2. Thus, the $25,000.00 request amounts to a *de facto* hourly rate of $2,427.18. In support of his fee request, Cruz has submitted declarations from other attorneys and decisions from other courts regarding attorney's fees in Social Security cases. ECF Nos. 34-3 through 34-11. Each case, however, must be evaluated individually, taking into account multiple factors, and while it may be reasonable to fully award 25% of past-due Social Security benefits in attorney's fees in a particular case, that is not automatically always the case.

The *de facto* rate is not the only relevant factor to consider when evaluating Cruz's petition. For example, as the defendant acknowledges, there is no indication that counsel's conduct has been improper or that his representation was substandard. ECF No. 40 at 3, n.1. The fee agreement submitted by Cruz also provides for Section 406(b) fees up to 25% of the past-due benefits awarded. ECF No. 34-1. However, "[w]ithin the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" and not "inordinately large." *Gisbrecht v. Barnhart,* 535 U.S. 789, 805-807 (2002). Although here Cruz's petition is less than 25% of the awarded past-due Social Security benefits, the sum of $25,000.00 requested is not reasonable, not only because of the excessive *de facto* rate, but also because prior to the judgment entered by the court remanding this case to the Commissioner of Social Security, plaintiff's counsel did not file any motion or pleading that exceeds two pages in length, none of the filings contain any legal analysis, and most of them rely on boilerplates or templates . ECF Nos. 1, 2, 3, 4, 5, 12.

Of course, the filing of motions in court is not the only task that an attorney has to undertake to properly represent a plaintiff in a Social Security case. Meeting with clients and evaluating the decisions at the administrative level, among other matters, are certainly important too. However, I do not find reasonable to ask for a compensation of $25,000.00 in a case where the filings in court, excluding those that rely on fill-in-the-blanks forms, are limited to a two-page complaint and a one-page motion informing the court that summons have been served.

Therefore, Cruz's request for attorney's fees under Section 406(b) is GRANTED IN PART AND DENIED IN PART. Attorney's fees under Section 406(b) are awarded for the sum of $6,180.00. Cruz is ordered to, within seven days of receipt of the 406(b) fees, refund plaintiff the EAJA fees paid to him pursuant to EAJA.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of February, 2022.

s/Marcos E. López  
U.S. Magistrate Judge